UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION
FILED
October 17, 2007
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JOHN MATTHEW TURNBOW, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>NATHANIEL QUARTERMAN,[1] Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>    Respondent. ) | 7:04-CV-214-R |

MEMORANDUM OPINION AND ORDER

Came on to be considered the papers and pleadings filed in this action and the Court finds and orders as follows:

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate currently confined in the Coffield Unit of the Texas Department of Criminal Justice in Tennessee Colony, Texas. On June 8, 2001, upon a plea of not guilty, John Matthew Turnbow was convicted by jury for the offense of murder and was sentenced to life in prison. Respondent's Answer p.1 (hereinafter Resp. Ans. p.___). Petitioner filed a direct appeal and, on March 13, 2003, his conviction was affirmed. *Id; Turnbow v. State*, No. 02-01-394-CR (Tex. App. – Ft. Worth 2003, pet. ref'd.). Turnbow's petition for discretionary review was refused on October 17, 2003. *Turnbow v. State, P.D.R. No. 0630-03*. He filed one state application for habeas relief without success. *Ex parte Turnbow*, App. No. 59,668-01 at cover.

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption of this case is being changed pursuant to Fed. R. Civ. P. 25(d).

In support of his Petition, Turnbow presents the following grounds for relief:

1. During trial, his Sixth Amendment right to confrontation was violated when the court admitted hearsay statements by state witnesses;

2. The hate crime element of the indictment was not presented to the jury, and;

3. Ineffective assistance of counsel.

Memorandum in Support of Petition for Writ of Habeas Corpus pp. 3-5 (hereinafter Fed. Writ Pet. p. \_\_\_\_ ).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), Pub. L. 104-132, 110 Stat. 1214, under which we now have a heightened standard of review in federal habeas corpus proceedings. Title I of the Act substantially changed the way federal courts handle such actions. The AEDPA applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063 (1997). Petitioner filed the instant petition after the effective date of the AEDPA. Therefore, Title I of the Act applies to his petition.

The AEDPA provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d) (West 2004).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 531 U.S. 1002, 121 S.Ct. 508 (2000). Under § 2254(d)(2), the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court (1) unreasonably applies the correct legal rule to the facts of a particular case or (2) it unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407, 120 S.Ct. at 1520. The standard for determining whether a state court's application was unreasonable is an objective one. This standard of review applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Resolution on the merits in the habeas corpus context is a term of art that refers to the state court's disposition of the case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001 (2001). The resolution of factual

issues by the state court are afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 771 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433, 111 S.Ct. 862, 864 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994), *cert. denied*, 513 U.S. 1137, 115 S.Ct. 959 (1995); 28 U.S.C. § 2254(d).

**Confrontation Clause Violations**

In his first ground for relief, Petitioner argues that his Sixth Amendment right to confrontation was violated because the trial court admitted hearsay testimony from three different witness at trial.[2] Fed. Writ Pet. p. 6. "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Lilly v. Virginia*, 527 U.S. 116, 123-24, 119 S. Ct. 1887 (1999) (citing *Maryland v. Craig*, 497 U.S. 836, 845, 110 S.Ct. 3157 (1990)). The admission of a third party's testimony about a non-testifying co-defendant's statements that implicate a defendant may violate the Confrontation Clause.[3] *See Bruton v. United States*, 391 U.S. 123, 127, 88 S.Ct. 1620, 1627 (1967). When determining whether incriminating hearsay evidence

---

[2] Respondent argues that these claims are procedurally barred because Petitioner did not exhaust his state remedies. Resp. Ans. p.16. Petitioner did, at least facially, raise the constitutional issue on direct appeal and in his state habeas proceeding. Therefore the court will review the claims on the merits. *See* Appellant's Brief p. 25; *Ex parte Turnbow*, App. No. 59,668-01 p. 47.

[3] Such errors are commonly referred to as *Bruton* errors. *See United States v. Nutall*, 180 F.3d 182, 188 (5th Cir. 1999).

violates the Confrontation Clause, the prosecution must show (1) the unavailability of the declarant whose statement he wishes to use against the defendant and; (2) the statement must bear an adequate "idicia of reliability." *Ohio v. Roberts*, 448 U.S. 56, 65, 100 S.Ct. 2531 (1980); *Idaho v. Wright*, 497 U.S. 805, 814-15, 110 S.Ct. 3139, 3146 (1990); *Lilly*, 527 U.S. at 124-25, 119 S.Ct. 1887. The "indicia of reliability" prong can be met when the evidence (1) falls within a firmly rooted hearsay exception or (2) contains particularized guarantees of trustworthiness such that adversarial testing would be expected to add little, if anything, to the statement's reliability.[4] *Id.*

The first and third alleged hearsay statements involve the testimonies of Amanda Bridges and Christina Bridges that their dad, Roger Bridges Sr., told Christina Bridges that "he was going to kill that nigger, get him drunk, take him to the woods, and kill him."[5] Fed. Writ. Pet. p.6. At trial, Turnbow's attorney objected to Amanda's testimony, but the court overruled the objection and admitted the evidence because they were statements made by a co-conspirator in furtherance of the conspiracy. Tex. R. Evid. 801(e)(2)(E); (R.R. 5:86-88). Under Texas law, statements made in furtherance of a conspiracy include those made (1) with intent to induce another to deal with co-conspirators, (2) with intent to induce another to join the conspiracy, (3) in formulation future

---

[4] In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court abrogated the rule of *Ohio v. Roberts*, 448 U.S. 56 (1980) and held that the Confrontation Clause prohibits the admission of out-of-court testimony unless "the declarant is unavailable, and ... the defendant has had a prior opportunity to cross-examine." *Crawford v. Washington*, 541 U.S. at 68. However, *Crawford* does not apply retroactively on collateral review to criminal cases which were final prior to the date of the Crawford decision. *Whorton v. Bockting*, ___U.S.___, 127 S.Ct. 1173 (2007). In the instant case, Petitioner's conviction was final on direct review prior to *Crawford*. Therefore, the *Ohio v. Roberts* standard is applicable.

[5] Amanda testified that Bridges said "he" was going to "kill that nigger." Reporter's Record, Vol. 5 pp. 84-85 (hereinafter, R.R. volume number: pages). Christina testified that Bridges said that "we" are going to "kill that nigger." (R.R. 5:142).

strategies of concealment to benefit the conspiracy, (4) with intent to induce continued involvement in the conspiracy or (5) for the purpose of identifying the role of one conspirator to another. *Lee v. State*, 21 S.W.3d 532, 538 (Tex. App.–Tyler 2000, no pet.); *Fairow v. State*, 920 S.W.2d 357, 362 (Tex. App.–Houston [1st Dist.] 1996), aff'd, 943 S.W.2d 895 (Tex. Crim. App. 1997). The appellate court affirmed the decision, and held that "based on the testimony, the trial court could have concluded that Bridge's statements were made in an effort to obtain or further secure appellant's involvement in the crime. Therefore, they were admissible under Rule 801(e)(2)(E)." *Turnbow v. State*, No. 02-01-394-CR, slip op. at 5 (Tex. App.–Fort Worth 2003, pet. ref'd). In his state habeas proceeding Turnbow raised the same issues and the court noted that the habeas process is not a substitute for an appeal. *Ex parte Turnbow*, Application No. 59,668-01 at 56. Errors of state law, including evidentiary errors, are not cognizable in federal habeas proceedings. *See, Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80 (1991). Likewise, a state court's evidentiary ruling presents a cognizable habeas claim only when it runs afoul of a specific constitutional right or it renders the trial fundamentally unfair. *Pemberton v. Collins*, 991 F.2d 1218, 1226 (5th Cir. 1993)(*citing, Johnson v. Blackburn*, 778 F.2d 1044, 1050 (5th Cir. 1985)), *cert denied,* 510 U.S. 1025, 114 S. Ct. 637 (1993).

Because Amanda and Christina's testimony about Roger Bridges Sr.'s comments were not hearsay, their admittance at trial were not violations of Petitioner's Sixth Amendment right to confrontation. But even if the court were to find that the statements were not admissible under Tex. Rule of Evidence 801(e)(2)(E), the error in admission was likely harmless. Evidence erroneously admitted is subject to harmless error review and federal habeas relief may not be granted for

constitutional error that did not have a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1721 (1993), *United States v. Nutall*, 180 F.3d 182,188 (5th Cir. 1999). The Supreme Court and Fifth Circuit have held that *Bruton* errors are harmless when the admitted statements are "merely cumulative of other overwhelming and largely uncontroverted evidence." *See Brown v. United States*, 411 U.S. 223, 231-32 (1973); *United States v. Lage*, 183 F.3d 374, 388 (5th Cir. 1999). In light of the uncontroverted evidence, the flight from the police, disposal of the murder weapon and incriminating admissions to Hibbs, Showman, Roach, Ponce, Cook and Officer Field, any admission of Amanda or Christina's testimony was harmless. Thus, Petitioner is not entitled to habeas relief on this ground.

The second alleged hearsay statement that Petitioner complains of is Amanda Bridges's testimony that her brother, Roger Bridges, Jr., told her that "they did it" and that "they dumped [the body] in a river." Fed. Writ Pet. p. 9. The record reflects that counsel for Petitioner did not object to the testimony. (R.R. 5:99-102.) Consequently, the Court of Appeals dismissed the issue. *Turnbow v. State*, No. 02-01-394-CR, slip op. at 4 (Tex. App.–Fort Worth 2003, pet. ref'd). To preserve a complaint, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 25 (Tex. Crim. App. 1998)(op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). Because Turnbow did not preserve an error for appeal, the issue was disposed of by the appellate court. In his state habeas proceeding, the court noted that the habeas process was not a substitute for direct appeal. *Ex parte*

*Turnbow*, App. No. 59,668-01 p. 56. Because the issue was rejected by the appellate court on preservation grounds, it was not cognizable on state habeas review. *Id.* at 56-57. When the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state-law procedural ground, the court is precluded from granting habeas relief. *See Parr v. Quarterman*, 472 F.3d 245, 253 (5th Cir. 2006) (citing *Cotton v. Cockrell*, 343 F.3d 746, 754 (5th Cir. 2003)). Therefore, this hearsay issue may not be considered.

The final hearsay testimony of which Petitioner complains is Carmilla Bridges's testimony that her ex-husband, Roger Bridges, Sr., told her "you don't have to worry about Tommy Young we killed him." Fed. Writ. Pet. p.12. At trial, Turnbow's attorney promptly objected, but his objection was overruled because the court determined that the statement was an excited utterance. (R.R. 4:176). An excited utterances is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. Tex. R. Evid. 803(2). The exception is based on the notion that these statements are made involuntarily and given under such circumstances that they eliminate the possibility that they are fabricated. and therefore provide sufficient assurance that the statement is trustworthy and that cross-examination would be superfluous. *See, Couchman v. State*, 3 S.W.3d 155, 159 (Tex. App.–Fort Worth 1999, pet. ref'd); *Wright*, 497 U.S. at 820, 110 S.Ct. at 3149. Under Texas law, to qualify as an excited utterance, (1) the statement must be the product of a startling occurrence, (2) the declarant must have been dominated by the emotions, excitement, fear or pain of the occurrence and (3) the statement must be related to the circumstances of the startling occurrence. *Couchman*, 3 S.W.3d at 159. The appellate court concluded that Carmilla's testimony showed that Bridge's statements were made

within thirty minutes to an hour after he committed the murder which was "undoubtedly, a startling occurrence." *Turnbow v. State*, No. 02-01-394-CR, slip op. at 3 (Tex. App.–Fort Worth 2003, pet. ref'd) (relying on *Biggins v. State*, 73 S.W.3d 502, 504 (Tex. App.–Fort Worth 2002, no pet.)). Additionally, Carmilla testified that Bridges was very hostile, upset and angry, which is evidence that Bridges was still in the grip of emotions resulting from the event. *Turnbow v. State*, No. 02-01-394-CR, slip op. at 3 (Tex. App.–Fort Worth 2003, pet. ref'd). The admission of committing the murder is clearly related to the event itself. *Id.* Therefore, the trial court did not error in admitting the evidence. *Id*. at 4. The state habeas court dismissed the issue because it was raised on appeal, rejected, and thus was not cognizable. *Ex parte Turnbow*, App. No. 59,668-01 pp. 56-57; *See Estelle v. McGuire*, supra.

Because Carmilla's statements were admitted under a hearsay exception, it is necessary to determine whether the admittance violated the Confrontation Clause. First, Turnbow's attorney conceded that Roger Bridges, Sr. was unavailable. (R.R. 5:88). Second, the testimony of Carmilla was admitted as an "excited utterance." (R.R. 4:176). The "indicia of reliability" prong can be met when the testimony falls within a "firmly rooted hearsay exception." *Roberts*, 448 U.S. at 65, 100 S.Ct. at 2531 (1980); *Wright*, 497 U.S. at 814-15, 110 S. Ct. at 3146 (1990); *Lilly*, 527 U.S. at 124-25, 119 S. Ct. 1887. On numerous occasions, the Supreme Court has held that an "excited utterance" is a firmly rooted hearsay exception. *See White v. Illinois*, 502 U.S. 346, 355-56, 112 S. Ct. 736, 742-43 (1992); *Lilly*, 527 U.S. at 126, 110 S. Ct. at 1895. The admittance of Carmilla's testimony meets the "indica of reliability" prong because it was admitted under a firmly root hearsay exception. Furthermore, because both prongs are met, Petitioner's Sixth Amendment right to

confrontation was not violated. Even assuming *arguendo* that Carmilla's testimony violated Petitioner's Sixth Amendment rights, the admission was harmless in light of the other incriminating evidence. *See Brecht*, supra.

**Hate Crime Enhancement**

Petitioner's next claim for relief is that his Sixth and Fourteenth Amendment rights were violated because the jury did not determine guilt on the hate crime element alleged in the indictment. Fed. Writ Pet. p. 15. Turnbow complains that the findings of the state habeas court are contrary to the Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348. *Id.* Specifically, he alleges that only a jury could have made the determination of guilt on the hate crime element of the indictment. *Id.* The 1997 version of the hate crime provision allowed the finding to be made at the punishment phase. *See* former Tex. Code of Crim. Proc. art. 42.014 (West 1997). Turnbow waived his right to a jury determination of punishment. *Ex parte Turnbow*, App. No. 59,668-01 p. 53; (R.R. 7:167-68). Consequently, the trial court was authorized to make the finding. Furthermore, the state habeas court held that the *Apprendi* was not applicable because, under Texas law, murder is a first degree felony offense. *Ex parte Turnbow*, App. No. 59,668-01 p. 54; Tex. Penal Code Ann. § 19.02(c) (West 2001). Thus, the hate crime finding did not increase the statutory range of punishment. *Ex parte Turnbow*, App. No. 59,668-01 p. 54; *see also*, Tex. Penal Code Ann. § 12.47. Because the state habeas court's finding was not contrary to "clearly established federal law," relief on this claim shall be denied.

**Ineffective Assistance of Counsel**

Petitioner next claims that he was denied effective assistance of counsel at trial. Fed. Writ Pet. p. 18. Specifically, Turnbow asserts that his attorney, Mr. Cannedy, was ineffective for the following reasons:

1. Counsel failed to investigate an eye witness, Carl Lee Rivers;

2. Counsel failed to investigate a state witness, Kevin Cook;

3. Counsel failed to file a motion for speedy trial and/or motion to set aside indictment;

4. Mr. Cannedy's representation of Turnbow was a conflict of interest, and;

5. Counsel failed to investigate a state witness, Christina Ponce.

Fed. Writ Pet. at 18-25.

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). In order to obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must prove (1) that his counsel's performance was deficient and (2) that it prejudiced the defendant. *Id.* To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700, 104 S. Ct. at 2071; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960, 115 S. Ct. 418 (1994). Failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990), *cert. denied*, 498 U.S. 1033, 111 S.Ct. 694 (1991).

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921, 113 S. Ct. 3035 (1993).

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been different." *Id.* at 694, 104 S.Ct. at 2068. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* It is not enough for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. 52, 59-61, 106 S.Ct. 366, 371 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

Petitioner's first and second ineffective assistance of counsel claims involve Mr. Cannedy's alleged failure to investigate two witnesses that may have proven petitioner's innocence, Carl Lee Rivers and Kevin Cook. Fed. Writ Pet. at 18. A review of the record shows that, in the state habeas

proceedings, Turnbow alleged counsel's failure to investigate only one witness, Christina Ponce. *Ex parte Turnbow*, App. No. 59,668-01 at 19. Where a petitioner has not fully exhausted state remedies, and the state court would now find the claim procedurally barred, there has been a procedural default for purposes of federal habeas relief. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Were this Court to require petitioner to present his claims involving counsel's failure to investigate Rivers and Cook to the Texas Court of Criminal Appeals in a second art. 11.07 habeas application, the application would be subject to dismissal under the Texas abuse-of-the-writ doctrine.

Texas Code of Criminal Procedure art. 11.07 § 4 embodies the state habeas abuse-of-the-writ doctrine. The statute provides as follows:

> Sec. 4. (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> > (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
> >
> > (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.
>
> (b) For purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.

> (c) For purposes of Subsection (a)(1), a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (West 2004). The Texas abuse-of-the-writ doctrine "represents an adequate state procedural bar for purposes of federal habeas review." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998). This has been well established law in the Fifth Circuit since 1995. *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1153, 115 S.Ct. 2603 (1995). In the case at bar, Petitioner has failed to establish a cause for the procedural default. Consequently, Turnbow's ineffective-assistance-of-counsel claims based on failure to investigate Carl Lee Rivers and Kevin Cook are procedurally barred.

Petitioner's next ineffective assistance of counsel claim involves Cannedy's alleged failure to file a motion for a speedy trial or a motion to set aside indictment. Fed. Writ Pet. at 21. Petitioner asserts that if Cannedy had filed the motions in a timely manner, he would not have stood trial a second time. *Id.* Petitioner's understanding of Article 32A.02 of the Texas Code of Criminal Procedure (repealed 2005) is incorrect. *Ex parte Turnbow*, App. No. 59,668-01 at 54. The Speedy Trial Act does not require the state to proceed to trial, but only to show that they are prepared for trial. *Meshell v. State*, 739 S.W.2d 246, 257 (Tex. Crim. App. 1987). Consequently, the state habeas court's ruling that the motion filed pursuant to Article 32A.02 would not have resulted in a dismissal with prejudice, was not "contrary to" federal law. Therefore, counsel's failure to file the motions was not deficient. Even assuming *arguendo* that counsel's failure to file the motions was

objectively unreasonable, Petitioner has failed to demonstrate that he was prejudiced by any such failure.

Petitioner seeks relief on the ground that counsel failed to investigate a state witness, Christina Ponce. Petitioner claims Ponce testified that she knew him because they had worked together at Sonic. Fed. Writ Pet. p. 24. Turnbow argues that he never worked at Sonic and that counsel could have impeached Ponce's testimony if he had investigated Ponce prior to trial. *Id.* To the extent if any that counsel's failure to investigate Ponce prior to trial may be deemed ineffective, Petitioner has not shown, or even stated in his petition, that there is a reasonable probability that, but for counsel's failure to investigate Ponce, the result of the trial would have been different. *Id.*; Fed. Writ Pet., Third Amended Reply to Respondent's Answer at p. 5. Therefore, Turnbow cannot prevail on this ground for relief. The Court further notes that, during his trial, Petitioner himself should have been aware that he had never worked at Sonic.

Next, Petitioner seeks relief on the ground that counsel was ineffective because there was a conflict of interest on the part of counsel. Fed. Writ Pet. p. 22. In a habeas proceeding, when a petitioner claims he was denied effective counsel based on a conflict of interest, he has the burden of showing that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S. Ct. 1708; *U.S. v. Villarreal*, 324 F.3d 319, 327 (5th Cir. 2003). Petitioner asserts two separate conflict of interest arguments. Fed. Writ Pet. p. 22. First, Turnbow alleges a conflict of interest existed because he had filed a civil suit against counsel. *Id*. The state habeas court addressed the claim and the record reflects that the judge asked about the issue. *Ex parte Turnbow*, App. No. 59,668-01 p. 55. Turnbow did not request substitute counsel be appointed

and thus no conflict existed. *Id.* Even if the court were to find that this was a conflict of interest, Turnbow has made no claim as to how it prejudiced him. His second conflict of interest argument stems from counsel's representation of the Petitioner's wife, a state witness, in an unrelated bankruptcy suit. Fed. Writ Pet. p. 22. The bankruptcy suit was concluded prior to Turnbow's trial. *Ex parte Turnbow*, App. No. 59,668-01 pp. 32 & 50. The mere possibility of a conflict, absent a showing that the attorney actively represented conflicting interest, is not sufficient. The petitioner must identify "some plausible defense strategy or tactic that might have been pursued, but was not because of the conflict of interest." *Villarreal*, 324 F.3d at 327 (citing *Hernandez v. Johnson*, 108 F.3d 554, 560 (5th Cir. 1997)), *Ramirez v. Dretke*, 396 F.3d 646 (5th Cir. 2005). Because Turnbow has not shown that there was a conflict of interest, counsel may not be deemed deficient for that reason. Furthermore, Turnbow has failed to show how any conflict of interest prejudiced him. Therefore, relief on Petitioner's ineffective assistance of counsel claims shall be denied.

**Evidentiary Hearing**

Relying on *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745 (1963), Petitioner asserts that, because he did not get a full and fair evidentiary hearing in state court, he is entitled to an evidentiary hearing in federal court. Fed. Writ Pet., Third Amended Reply to Respondent's Answer at p. 1. However, Townsend was overruled by *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 1, 112 S.Ct. 1715, 1715 (1992) and superseded by statute (the AEDPA) as recognized in *Williams v. Taylor,* 529 U.S. 420, 120 S.Ct. 1479 (2000)). Furthermore, the standards fist codified in 28 U.S.C. § 2254(d), upon which Turnbow relies to make his argument, were modified by the AEDPA in 1996. The standards for achieving an evidentiary hearing, now set out in 28 U.S.C. 2254(e)(2), drastically

restrict the federal habeas court's discretion to grant an evidentiary hearing. *See Guidry v. Dretke*, 397 F.3d 306, 322 (5th Cir. 2005). The statute provides in pertinent part:

> (e)(2) the court shall not hold an evidentiary hearing on the claim unless the applicant show that–
> (A) the claim relies–
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (West 2004). Turnbow does not put forth a new rule of constitutional law, or imply that a factual predicate could have been discovered through the exercise of due diligence. Instead, Turnbow relies solely on the fact that the trial court's findings of fact did not address: (1) fabrication used to admit hearsay evidence as an excited utterance, (2) that the hate crime determination must go to a jury, and (3) the alleged ineffective assistance of counsel. Fed. Writ Pet., Third Amended Reply to Respondent's Answer at pp. 1-5. Addressing his first claim, even if the admittance of the uncontroverted evidence was error, it was harmless error in light of the other incriminating evidence. *See Brecht supra.* Thus, under 2254(e)(2)(B) Turnbow can not show that "but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." Contrary to Turnbow's second and third arguments, the state findings of fact did address these issues. *See Ex parte Turnbow*, App. No. 59,668-01 pp. 53-56. The findings of the state habeas court are entitled to a presumption of correctness that must be rebutted by clear and convincing evidence. *See*, 28 U.S.C. § 2254(e)(1) (West 2003). Unfortunately, Petitioner has not presented such evidence. Therefore, his claims for habeas relief must be denied.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is DENIED.

The Clerk of Court shall transmit copies of this Order to Petitioner and to Counsel for Respondent.

SO ORDERED this 17th day of October, 2007.

*Jerry Buchmeyer*
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE